**SIGNED THIS: January 21, 2009**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MY TYPE, INC., | ) | No. 05-83236 |
| | ) | |
| Debtor-in-Possession. | ) | |
| | ) | |
| | ) | |
| RICHARD E. BARBER, not personally, but as Chapter 7 Trustee for My Type, Inc., | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 07-8183 |
| | ) | |
| REYNOLDS MOTOR LEASING COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**O P I N I O N**

The complaint filed by the Chapter 7 Trustee (TRUSTEE) seeks to avoid an allegedly unperfected security interest held by Reynolds Motor Leasing Company (REYNOLDS) in 74 motor vehicles. Those vehicles are the subject of lease agreements between the Debtor,

My Type, Inc. (DEBTOR), and REYNOLDS that the Court previously determined to be disguised security agreements. The certificates of title to the vehicles designate REYNOLDS as "owner" rather than "lienholder" which the TRUSTEE claims renders REYNOLDS unperfected.

REYNOLDS moves for summary judgment arguing that the TRUSTEE is estopped from raising the issue of perfection since it was previously determined or could have been previously raised and wasn't. REYNOLDS is incorrect. The issue of perfection was not previously addressed in the bankruptcy case so there is no determination to which the law of the case doctrine could apply. And there is no estoppel of the TRUSTEE on the basis that the DEBTOR, while debtor-in-possession in Chapter 11, failed to seek avoidance of REYNOLD'S interest. A Chapter 11 debtor-in-possession has no duty to file avoidance actions. 11 U.S.C. §§ 1107(a), 1106(a)(2), (3) and (4) and 704(a); 7 *Collier on Bankruptcy* ¶ 1107.02 2][b] (15th ed.rev.); *Gleischman Sumner Co. v. King, Wieser, Edelman & Bazar,* 69 F.3d 799, 801 (7th Cir. 1995). Moreover, a security interest, even an unperfected one, is binding between the debtor and the secured party. *In re Little,* 225 B.R. 593, 595 (Bankr.D.S.C. 1997); *In re Sindic,* 44 B.R. 167, 172 (Bankr.E.D.Wis. 1984).

REYNOLDS also contends that the TRUSTEE'S action fails because REYNOLDS had and has no equity in the vehicles. Avoiding the lien would give the TRUSTEE the right to sell the vehicles and bring the proceeds into the estate. Lack of equity by reason that the unperfected lienholder is owed more than the collateral is worth is no defense to a trustee's avoidance action. The action is facially viable so long as the estate would realize a benefit if the lien is avoided.

For these reasons, REYNOLDS is not entitled to summary judgment on either basis asserted in its motion. This matter may yet be resolvable without a trial, however. Several courts have issued published opinions regarding whether the interest of a lessor who is designated as owner on the certificate of title, is subject to avoidance as unperfected upon determination by a bankruptcy court that the lease should be recharacterized as a security agreement. Most courts hold that the lessor's interest remains perfected. *See In re Charles,* 323 F.3d 841 (10th Cir. 2003); *In re Load-It, Inc.,* 774 F.2d 1077 (11th Cir. 1985); *In re Microband Companies, Inc.,* 135 B.R. 2 (Bankr.S.D.N.Y. 1991); *Matter of Rose Way, Inc.,* 113 B.R. 527 (Bankr.S.D.Iowa 1990). *Contra, In re Otasco, Inc.,* 111 B.R. 976 (Bankr.N.D.Okla. 1990), *rev'd* 196 B.R. 554 (N.D.Okla. 1991) (holding that lease was a true lease and not a disguised security agreement). To the Court's knowledge, the issue has not been decided under Illinois law, which appears to be the law that would govern the issue. The Court invites a motion targeted to this issue.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###